### NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

**Fred H. JOHNSON, Trustee under the Will of Clay M. Thomas, Deceased, d/b/a Atlas Linen and Industrial Supply, Respondent.**

#### No. 14868.

United States Court of Appeals Sixth Circuit.

Dec. 5, 1962.

Standau E. Weinbrecht, Washington, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Allison W. Brown, Jr., Attorney National Labor Relations Board, Washington, D. C., on brief, for petitioner.

Jack G. Evans, Cincinnati, Ohio, Robert W. Newlon, Warren C. Armstrong, Columbus, Ohio, Thomas S. Calder, Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, on brief, for respondent.

Before CECIL, Chief Judge, and BOYD and PECK, District Judges.

## PER CURIAM.

In this cause the National Labor Relations Board seeks enforcement of its order that the respondent employer, among other things, cease and desist from coercive, unfair labor practices found by the Board in this case to be in violation of Section 8(a) (3), National Labor Relations Act, and that one certain employee, Myrtle C. Hall, be reinstated by the employer to the substantial equivalent of her former position without prejudice to her employment rights and with payment of her lost earnings, the Board having found that because of activity on behalf of the Union herein she was discriminatorily discharged in violation of Section 8(a) (1) and (3) of the aforesaid Act (Title 29 U.S.C. § 158(a) (1) and (3)). The order herein was issued upon adoption by the Board of the findings, conclusions and recommendations of the Trial Examiner, the Board finding "no prejudicial error" in the Examiner's Intermediate Report.

The employer urges herein that there was no substantial evidence to support the Board's findings regarding the above violations, hence enforcement of the order should be denied. The employer assigns as error and relies chiefly on the fact that the Trial Examiner on his own motion took official notice of the facts concerning other alleged unfair practices in another proceeding against this employer, which was not final, but then pending before the Board. After taking such notice the Trial Examiner used what he found in the Record of the other proceeding as part of his stated reason for crediting the discharged employee Hall's testimony in the hearing. This, claims the employer, fatally detracts from the substantiality of the evidence before the Board.

The discharged employee was the only witness for the Board on both of the alleged violations herein. The employer produced as witnesses three of its supervisory personnel whose testimony, in substance, amounted to a denial of the facts charged as coercive and, further, that the employee Hall's discharge resulted from poor workmanship in the performance of her duties.

The employer objected to the Trial Examiner's consideration of the facts of the

other proceeding aforesaid and brought this to the Board's attention by way of exceptions to the Examiner's Intermediate Report. The Board considered the objection but held there was no prejudicial error in the report and that independent of the official notice taken by the Examiner the reliable evidence adduced on the hearing preponderated against the employer.

 An administrative agency must confine itself to the record before it and afford opportunity for showings contrary to material facts of which official notice has been taken. Administrative Procedure Act, Title 5 U.S.C. § 1006(d). However, to constitute fatal error it must appear that an administrative agency's journey outside the record worked substantial prejudice. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821. Official notice herein of matter outside the record was the Examiner's and not the Board's, thus differing from the situation as it existed before this court in National Labor Relations Board v. Bill Daniels, Inc., 202 F.2d 579 (C.A.6, 1953), reversed on other grounds, 346 U.S. 918, 74 S.Ct. 305, 98 L.Ed. 413. The Board is not bound by the Examiner's findings. It may disagree with them. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. It is difficult to see how the Examiner's action in this regard is chargeable to the Board since in its order the Board based its conclusions on evidence independent of the Examiner's official notice of the other proceeding. It so stated. 132 N. L. R. B. No. 105. An example of the Board's adoption of the Examiner's official notice of matter outside the record is found in Paramount Cap Manufacturing Company v. National Labor Relations Board, 260 F.2d 109 (C.A. 8, 1958). Moreover, the Examiner also gave as a reason for crediting the testimony of the employee herein his impression on the hearing that she was a truthful and credible witness.

We do not find in the Examiner's action the requisite prejudice for denying enforcement of the Board's order. There was substantial evidence independent of this action when the record is viewed as a whole to support the Board's findings on the violations charged. Universal Camera Corp. v. National Labor Relations Board, supra; National Labor Relations Board v. Walton Manufacturing Company, 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed. 2d 809.

Enforcement of the Board's order is hereby granted.