**Leslie N. THURBER, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–172.

United States Court of Veterans Appeals.

May 14, 1993.

Leslie N. Thurber, pro se.

Robert E. Coy, Acting Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, were on the brief, for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

KRAMER, Associate Judge:

Appellant, Leslie N. Thurber, appeals a September 27, 1991, decision of the Board of Veterans' Appeals (Board or BVA) denying entitlement to service connection for ankylosing spondylitis (a form of rheumatoid arthritis that affects the spine, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1566 (27th ed.1988)) on the basis that this condition was not incurred in or aggravated by service. We vacate the BVA decision and remand the matter.

## I. Procedural Background

The BVA, in support of its decision, referenced certain pages of a medical treatise, "Daniel J. McCarty, ARTHRITIS AND ALLIED CONDITIONS 819–38 (10th ed.1985)" (treatise). R. at 7. *See Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). (At the time of the issuance of the BVA decision, *Hatlestad v. Derwinski,* 3 Vet.App. 213 (1992), which required that the BVA prospectively quote from, in addition to citing, a medical treatise upon which it relied, had not yet been issued by the Court.) A timely appeal to the Court followed. After the parties designated and counter designated the record, appellant filed a supplemental counter designation of the record, *see* U.S.Vet. App.R. 10, 11, requesting that the Secretary of Veterans Affairs (Secretary) make available to the Court "the complete medical text" of the treatise. The Secretary filed a motion to exclude, inter alia, the medical text on the basis that it was not a part of the record of proceedings or a part of the claims folder. *See Rogozinski v. Derwinski,* 1 Vet.App. 19 (1990). Appellant filed a response to this motion, stating, in pertinent part, "This medical text was [referenced] by BVA in [its decision], and thus became a part of the record before the Board." Mot. of Appellant at 4. The Court ordered that copies of the pages of the textbook cited by the BVA (pages 819–38) be included in the record on appeal. In the order, the Court also gave appellant an opportunity to show cause why any additional pages of the textbook should be included in the record on appeal. Appellant responded to this order, implying that the following pages were relevant to an understanding of the textbook in the context of his case and stating as follows:

Pages 15–17 Arthritis syndromes related to HLA B27, ankylosing spondylitis

Pages 40–52 Differential diagnosis of arthritis, analysis of signs and symptoms

Page 54 Synovial fluid

Pages 108–110 Radiology of rheumatic diseases, ankylosing spondylitis, synoviocytes

Page 257 Structure and function of synoviocytes

Page 287 Immune system function

Page 291 Trauma

Page 1089 Trauma and occupation

Pages 1206–1209 Role of trauma

Pages 1249–1250 Spinal injuries

Mot. of Appellant at 1–2.

## II. Issue Presented

While the issue presented by the parties is whether the supplementarily designated text pages should be included in the record on appeal, the Court views the underlying issue to be whether a claimant is entitled to notice and an opportunity to respond before the BVA uses a medical treatise to support its decision.

## III. Evidence Obtained by the BVA

### A. Medical Opinions

Both the statutory and regulatory schemes contemplate the BVA's obtaining expert medical opinions to assist in the adjudication of claims.

Section 7109 of title 38, United States Code Annotated, states:

(a) When, in the judgment of the Board, expert medical opinion, in addition to that available within the Department [of Veterans Affairs (VA)], is warranted by the medical complexity or controversy in-

volved in an appeal case, the Board may secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department.

(b) The Secretary shall make necessary arrangements with recognized medical schools, universities, or clinics to furnish such advisory medical opinions at the request of the Chairman of the Board. Any such arrangement shall provide that the actual selection of the expert or experts to give the advisory opinion in an individual case shall be made by an appropriate official of such institution.

(c) The Board shall furnish a claimant with notice that an advisory medical opinion has been requested under this section with respect to a claimant's case and shall furnish the claimant with a copy of such opinion when it is received by the Board.

38 U.S.C.A. § 7109 (West 1991); *see also* 38 U.S.C.A. § 5109 (West 1991) (similar statutory provision authorizing the Secretary, rather than the Board, to obtain an independent medical opinion). Subsection (a) of section 7109, title 38, United States Code Annotated, contemplates the obtaining of an independent medical opinion by the BVA. Subsection (c) of section 7109 contemplates *furnishing* the obtained opinion to the claimant, thus affording more than notice of an intent to obtain, but not specifically addressing the right of a claimant to respond to the obtained opinion (*see* discussion of 38 C.F.R. § 20.903 (1992), *infra* ).

In addition, the Secretary has issued regulations that pertain to the BVA's obtaining medical opinions. Section 20.901 of title 38, Code of Federal Regulations, provides:

(a) *Opinion of the Chief Medical Director.* The Board may obtain a medical opinion from the Chief Medical Director of the Veterans Health Administration of the Department of Veterans Affairs on medical questions involved in the consideration of an appeal when, in its judgment, such medical expertise is needed for equitable disposition of an appeal. (Authority: 38 U.S.C. § 5107(a))

(b) *Armed Forces Institute of Pathology opinions.* The Board may refer pathologic material to the Armed Forces Institute of Pathology and request an opinion based on that material. (Authority: 38 U.S.C. § 7109(a))

. . . .

(d) *Independent medical expert opinions.* When, in the judgment of the Board, additional medical opinion is warranted by the medical complexity or controversy involved in an appeal, the Board may obtain an advisory medical opinion from one or more medical experts who are not employees of the Department of Veterans Affairs. Opinions will be secured, as requested by the Chairman of the Board, from recognized medical schools, universities, clinics, or medical institutions with which arrangements for such opinions have been made by the Secretary of Veterans Affairs. . . .

(Authority: 38 U.S.C. § 7109)

38 C.F.R. § 20.901(a), (b), (d) (1992) (Rule 901). These regulations, promulgated, as stated in the regulations, under the authority of both 38 U.S.C.A. § 7109 and 38 U.S.C.A. § 5107(a) (West 1991) ("The Secretary shall assist a claimant [who submits a well-grounded claim] in developing the facts pertinent to the claim"), contemplate obtaining both VA and non-VA opinions. Although perhaps broader in scope than § 7109 standing alone because of the non-independent, VA opinion provision (assumed but not specifically authorized by § 7109) in section 20.901(a), Rule 901(a) is certainly a valid promulgation in view of the Secretary's reliance on § 5107(a). Moreover, authority for the VA opinion provision is provided under the unreferenced authority of 38 U.S.C.A. § 501(a) (West 1991) ("The Secretary has the authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the [VA] and are consistent with those laws, including ... regulations with respect to the nature and extent of proof and evidence ...; the methods of making ... medical examinations; and ... the manner and form of adjudications ...").

■ Furthermore, 38 C.F.R. § 20.903 (1992) (Rule 903) provides for both notice of and an opportunity to respond to an opinion obtained by the BVA pursuant to Rule 901:

> When an opinion is requested by the Board pursuant to Rule 901 (§ 20.901 of this part), the Board will notify the appellant and his or her representative, if any. When the opinion is received by the Board, a copy of the opinion will be furnished to the appellant's representative or[,] subject to the limitations provided in [38 U.S.C.A. § 5701(b)(1), not pertinent here], to the appellant if there is no representative. A period of 60 days from the date of mailing of a copy will be allowed for a response....
>
> (Authority: 38 U.S.C. § 7109(c)).

Rule 903 applies to both independent and VA opinions, but cites only to the authority of § 7109(c) for its promulgation, which, in turn, as indicated, *supra*, perhaps specifically applies only to independent opinions. Unquestionably, however, the VA has ample additional authority to include VA opinions within the scope of Rule 903. *See* discussion of 38 U.S.C.A. § 5107(a), part III.C.ii., *infra*, and § 501(a), *supra*.

### B. Medical Treatises

Unlike the BVA's obtaining of medical opinions, part III.A., *supra*, neither the statutory nor regulatory schemes specifically authorize the BVA's use of medical treatises. However, the Court, in *Colvin*, 1 Vet.App. at 175, held, as relevant to this issue, that

> BVA panels may consider only independent medical evidence to support their findings. If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by ... *citing recognized medical treatises in its decisions* that clearly support its ultimate conclusions. *See* [38 U.S.C.A. § 7109 (West 1991)]; *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990).

(Emphasis added.) Subsequent to the Court's decision in *Colvin* and the issuance of the BVA's decision here on appeal, as indicated in part I., *supra*, the Court held that, prospectively, if the BVA relies on a portion of a medical treatise in arriving at its decision, the BVA must quote the relevant portions upon which it relies, and that "such quotations should be of sufficient length so that their context (both within the treatise in question and within the body of relevant literature) is able to be determined." *Hatlestad*, 3 Vet.App. at 217. Under present law, however, if the BVA so relies on a treatise, it is not required, prior to issuing its decision, to provide appellant either a copy of the part of the treatise relied upon or an opportunity to respond. Although *Colvin* and *Hatlestad*, *supra*, may have anticipated that such procedural rights would be afforded a claimant when medical treatise evidence was directly or indirectly made a part of the record before the Board, such issues were not specifically presented and thus those opinions did not address these process questions directly.

## IV. Rights to Notice and Opportunity to be Heard

### A. Constitutional Considerations

■ While it is true that the case on appeal involves a claim for a benefit rather than a termination of a benefit, certain due process principles relating to the latter are worth noting. The due process clause of the Fifth Amendment of the United States Constitution requires that when an individual is to be deprived of a property interest as a result of federal government action, the aggrieved party must be provided with notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Fugere v. Derwinski*, 1 Vet.App. 103, 108 (1990). Opportunity to be heard must be accorded " 'at a meaningful time and in a meaningful manner.' " *Mathews* 424 U.S. at 333, 96 S.Ct. at 902 (citations omitted). The termination of a veteran's benefit is an example of such a property interest:

> It is now well recognized that "the interest of an individual in continued receipt of [Social Security disability] benefits is a statutorily created 'property' interest protected by the Fifth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332

[96 S.Ct. 893, 901, 47 L.Ed.2d 18] (1976). ... The Supreme Court has noted that veterans benefits, entitlement to which is established by service to country at great personal risk, are "akin to Social Security benefits." *Walters v. National Assoc. of Radiation Survivors,* 473 U.S. 305, 333 [105 S.Ct. 3180, 3195, 87 L.Ed.2d 220] (1985)....

*Fugere,* 1 Vet.App. at 108; *see Devine v. Cleland,* 616 F.2d 1080 (9th Cir.1980) (VA educational assistance allowance constitutes a property right protected by the Fifth Amendment due process clause); *Plato v. Roudebush,* 397 F.Supp. 1295 (D.Md. 1975) (veteran's widow's benefits constitute a property right protected by the Fifth Amendment due process clause).

Although the Supreme Court has not yet ruled on the extent to which applicants for, rather than recipients of, government benefits have property rights in their expectations, *see Lyng v. Payne,* 476 U.S. 926, 942, 106 S.Ct. 2333, 2343, 90 L.Ed.2d 921 (1986); *Walters v. Nat'l Assoc. of Radiation Survivors,* 473 U.S. at 312, 105 S.Ct. at 3184, some lower federal courts have accorded due process rights to applicants. *See, e.g., Ressler v. Pierce,* 692 F.2d 1212, 1214–16 (9th Cir.1982) (applicant for federal rent subsidies); *Kelly v. R.R. Retirement Bd.,* 625 F.2d 486, 489–90 (3d Cir.1980) (applicant for disabled child's annuity under Railroad Retirement Act); *Butland v. Bowen,* 673 F.Supp. 638 (D.Mass.1987) (applicant for social security disability benefits); *Dealy v. Heckler,* 616 F.Supp. 880, 884–86 (W.D.Mo.1984) (applicant for social security disability benefits); *but see, e.g., Lozano v. Derwinski,* 1 Vet.App. 184, 186 (1990); *Hill v. Group Three Housing Development Corp.,* 799 F.2d 385, 391 (8th Cir.1986); *Eidson v. Pierce,* 745 F.2d 453, 460 (7th Cir.1984); *Overton v. John Knox Retirement Tower, Inc.,* 720 F.Supp. 934 (M.D.Ala.1989).

Because of the silence of the applicable statute and regulations regarding notice and opportunity to be heard, *Gonzales v. United States,* 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467 (1955), is worthy of note. In *Gonzales,* the petitioner appealed his conviction for refusing to submit to induction into the armed forces. He argued that his classification was invalid because he had not been provided a copy of, and accorded an opportunity to reply to, the recommendation of the Department of Justice (DOJ) denying conscientious objector classification which DOJ had submitted to the Selective Service Appeal Board. The Supreme Court, noting that the applicable statute and regulations were silent on the matter, held that it was implicit in them "—viewed against our underlying concepts of procedural regularity and basic fair play—that a copy of the recommendation ... be furnished the registrant at the time it is forwarded to the Appeal Board, and that he be afforded an opportunity to reply." *Id.* at 411–12, 75 S.Ct. at 412.

Finally, in the criminal setting, the government has a constitutional obligation to disclose material evidence favorable to the defendant. *See United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *see also Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

**B.** VA Claims Adjudication Overview

The entire thrust of the VA's nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process. The Secretary shall provide notice of a decision regarding a claim for benefits and "an explanation of the procedure for obtaining review of that decision." 38 U.S.C.A. § 5104(a) (West 1991); *see Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991). "Each appellant will be accorded hearing and representation rights pursuant to the provisions of [38 U.S.C.A. Chapter 71 (West 1991) ] and regulations of the Secretary." 38 U.S.C.A. § 7105(a) (West 1991). The VA regional office (RO) must provide notice of the right to appeal in regular and in simultaneously contested claims. 38 C.F.R. §§ 19.25, 19.100 (1992). (In simultaneously contested claims, the VARO must provide notice of appeal to other contesting parties. 38 C.F.R. § 19.-102 (1992).) It must provide notification of the filing of an administrative appeal. 38

C.F.R. § 19.52 (1992). It must furnish a Statement of the Case (SOC) to a claimant, 38 C.F.R. § 19.30 (1992), which "must be complete enough to allow ... appellant to present written and/or oral arguments before the [BVA]," 38 C.F.R. § 19.29 (1992). (In simultaneously contested claims, each interested party must be furnished with an SOC. 38 U.S.C.A. § 7105A (West 1991); 38 C.F.R. § 19.101 (1992).) A Supplemental SOC (SSOC) is required when an appellant submits additional evidence to the VARO prior to the transfer of appellant's records to the BVA, 38 C.F.R. § 19.37(a) (1992), and when a BVA remand of a case to the VARO results in additional evidentiary or procedural development and continuation of the denial of benefits, 38 C.F.R. § 19.38 (1992); *see generally* 38 C.F.R. § 19.31 (1992); "a period of 60 days ... will be allowed for response," 38 C.F.R. § 20.-302(c) (1992) (but only 30 days, in the case of a simultaneously contested claim, 38 C.F.R. § 20.501(c) (1992)). If the BVA questions the adequacy of appellant's substantive appeal, appellant is provided "notice ... and a period of 60 days ... to present written argument or to request a hearing to present oral argument." 38 C.F.R. § 20.203 (1992). The Board shall decide an appeal "only after affording the claimant an opportunity for a hearing." 38 U.S.C.A. § 7104(a) (West 1991). In connection with the right to a hearing, a claimant has the right to present evidence, testimony, and argument in support of a claim. 38 C.F.R. § 20.700 (1992). A claimant has the right to notification of the time and place of the hearing on appeal. 38 C.F.R. § 20.-702(b) (1992). A claimant has the right to notification of the certification of appeal and transfer of the appellate record to the BVA. 38 C.F.R. § 19.36 (1992). If a "Travel Board" hearing is held, a claimant must be notified of its time and place. 38 C.F.R. § 19.76 (1992). When a "Travel Board" hearing is requested, a claimant must be furnished with an SOC if not previously furnished. 38 C.F.R. § 19.77 (1992). "After reaching a decision in a case, the Board shall promptly mail a copy of its written decision to the claimant...." 38 U.S.C.A. § 7104(e) (West 1991). A claim-

ant is entitled to a hearing if a motion for reconsideration of a final BVA decision is granted. 38 C.F.R. § 20.1003 (1992). The BVA may vacate an appellate decision which denies "due process of law" upon the request of appellant, or on the BVA's own motion. 38 C.F.R. § 20.904 (1992).

### C. Special Provisions

#### i. 38 C.F.R. § 3.103 (1992)

Subsection (d) of 38 C.F.R. § 3.103, which is entitled "Procedural due process and appellate rights," states:

> (d) *Submission of evidence.* Any evidence whether documentary, testimonial, or in other form, offered by the claimant in support of a claim and any issue a claimant may raise and any contention or argument a claimant may offer with respect thereto are to be included in the records.

This subsection requires that all evidence, issues, contentions, and arguments advanced by a claimant must be "included in the records." *Id.* For the provision to have meaningful effect necessitates that there must be reasonable notice of the right to advance, and a reasonable opportunity to so advance, such evidence, issues, contentions, and arguments.

#### ii. Duty to Assist

As indicated in part III.A., *supra*, once a claimant has submitted a well-grounded claim, the Secretary has a duty to "assist such claimant in developing the facts pertinent to the claim." 38 U.S.C.A. § 5107(a); *see* 38 C.F.R. § 3.159 (1992); *Moore v. Derwinski*, 1 Vet.App. 401, 405–06 (1991) (duty to assist includes the providing of complete and thorough medical examinations that address a claimant's complaints); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (duty to assist extends to requiring that "the BVA must review all issues which are reasonably raised from a liberal reading of" all documents or oral testimony submitted prior to a BVA decision); *Murphy v. Derwinski*, 1 Vet.App. at 82 (duty to assist extends to the securing of any relevant military, VA, or other government records or, with appellant's cooperation, private

medical, hospital, employment, or other civilian records).

**D.** The Administrative Procedure Act

The history of the applicability of the rulemaking provisions of the Administrative Procedure Act (APA) to the VA is well stated in the Court's decision in *Fugere*, 1 Vet.App. at 107–08:

> By regulation in effect since 1972 the VA, as a matter of policy, has voluntarily embraced the provisions of the APA:
>
> > It is the policy of the Department of Veterans Affairs to afford the public general notice, published in the *Federal Register*, of proposed regulatory development, and an opportunity to participate in the regulatory development in accordance with the provisions of the [APA]. All written comments received will be available for public inspection....
>
> 38 C.F.R. § 1.12....
>
> ....
>
> > [T]he types of VA materials that must conform to this procedure.... [are] agency issuances that confer a right, privilege, or benefit, or impose a duty or obligation on VA beneficiaries or other members of the public. Where VA issuances fail to meet the applicable notice and comment requirement, the issuance may be invalid, even though fully within the authority of the [Secretary].
>
> Op.G.C.Mem. (VA July 1, 1987).

The Court in *Fugere* went on to point out that the VA's adoption of the APA's notice and comment requirement was codified, effective September 1, 1989, as part of the Veterans' Judicial Review Act (VJRA) § 102(a), at 38 U.S.C.A. § 501(c), (d) (West 1992). The Court has not addressed the issue of the applicability of the APA to the VA adjudication process, and we express no opinion in this decision. *See* 5 U.S.C.A. §§ 554, 556(d), (e) (West 1990 & Supp.1993); *but see United States Lines v. Federal Maritime Comm'n*, 584 F.2d 519, 536 (D.C.Cir.1978) (adjudication provisions "do not apply unless Congress has clearly indicated that the 'hearing' required by statute must be a trial-type hearing on the rec-

ord"); *Barefield v. Byrd*, 320 F.2d 455, 457 (5th Cir.1963) (VA Administrator (now Secretary) is not bound to conform to APA provisions since title 38 of the United States Code does not require adjudications "to be determined on the record after opportunity for an agency hearing"). The Court notes, however, that the legislative history of the VJRA indicates that, while the Senate bill would have provided additional statutory rights with respect to notice and an opportunity to be heard, the compromise agreement adopted the Senate position only with respect to hearings before traveling sections of the BVA, preferring, in general, to rely on existing "informal procedures" and "fundamental ... due process rights," and specifically stating "that the title 5 procedures relating to adjudications continue to be inapplicable." *See* EXPLANATORY STATEMENT, 100th Cong., 2d Sess. (1988), *reprinted in* 1988 U.S.C.C.A.N. 5842–44. Nevertheless, the Court believes that 5 U.S.C.A. § 556 is worthy of at least mention:

> (d) ... A party is entitled to present his case ..., to submit rebuttal evidence....
>
> (e) ... When an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary.

With respect to social security adjudications, it is clear that, where evidence is relied on which is not of record, and notice and an opportunity for rebuttal have not been provided, subsection (e) has been violated. *See Wallace v. Bowen*, 869 F.2d 187 (3d Cir.1988); *Gullo v. Califano*, 609 F.2d 649 (2d Cir.1979); *Lonzollo v. Weinberger*, 534 F.2d 712 (7th Cir.1976); *Colwell v. Gardner*, 386 F.2d 56 (6th Cir.1967); *Ross v. Gardner*, 365 F.2d 554 (6th Cir.1966); *McDaniel v. Celebrezze*, 331 F.2d 426 (4th Cir.1964). It is also clear that the same principle applies in non-social security adjudications where section 556(e) is applicable. *See McLeod v. INS*, 802 F.2d 89 (3d Cir. 1986); *Air Products & Chemicals, Inc. v. FERC*, 650 F.2d 687 (5th Cir.1981); *Marathon Oil v. EPA*, 564 F.2d 1253 (9th Cir.

1977); *NLRB v. Johnson*, 310 F.2d 550 (6th Cir.1962).

### E. Federal Rules of Evidence

Rules 106 and 201(e) of the Federal Rules of Evidence are also of interest in completing the discussion of the right of a party in a federal proceeding to notice and opportunity to be heard. Under Rule 106, when a party introduces any writing or recorded statement into evidence, an adverse party has the right to require the contemporaneous introduction of any other written or recorded material which fairness requires to be considered. The notes of the Advisory Committee indicate that the rule is based on the need for completeness and that one of two considerations for promulgating the rule was to preclude "the misleading impression created by taking matters out of context." 56 F.R.D. 183, 201.

Where judicial notice of adjudicative facts is taken, Rule 201(e) provides:

> **(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

The Advisory Committee's notes, in turn, state:

> Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request.... An adversely affected party may learn in advance that judicial notice is in contemplation ... [o]r he may have no advance notice at all.... [I]n the absence of advance notice, a request made after the fact could not in fairness be considered untimely.

56 F.R.D. at 206.

### V. Conclusion

▮▮▮ Based on the Court's discussion in part IV, the Court holds that before the BVA relies, in rendering a decision on a claim, on any evidence developed or obtained by it subsequent to the issuance of the most recent SOC or SSOC with respect to such claim, the BVA must provide a claimant with reasonable notice of such evidence and of the reliance proposed to be placed on it, and a reasonable opportunity for the claimant to respond to it. If, in the course of developing or obtaining or attempting to so develop or obtain such evidence, the BVA becomes aware of any evidence favorable to the claimant, it shall provide the claimant with reasonable notice of and a reasonable opportunity to respond to the favorable evidence, and shall in its decision provide reasons or bases for its findings with respect to that evidence. These requirements are implicit in *Colvin* and *Hatlestad*. In *Hatlestad*, we stated:

> The procedure that the Court called for in *Colvin* ... was designed to ensure "that *all medical evidence contrary* to the veteran's claim will be made known to [the veteran] and be a *part of the record* before this Court." ...
>
> ... [Q]uotations from medical treatises ... should be of sufficient length so that their context (*both* within the *treatise in question and* within the body of *relevant medical literature*) is able to be determined.

*Hatlestad*, 3 Vet.App. at 217 (quoting *Colvin*, 1 Vet.App. at 175) (emphasis added). Certainly, to be in proper context, quotations should include known material from literature that is both unfavorable and favorable to the claimant. The requirements we announce today apply only to the BVA. We express no view as to their applicability with respect to any other VA adjudications.

The decision of the BVA is VACATED, and the matter is REMANDED for proceedings consistent with this opinion.