**Rufus L. HOUSTON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–164.

United States Court of Veterans Appeals.

June 18, 1993.

As Amended June 24, 1993.

Paul H. Kullen, Southfield, MI, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Peter M. Donawick, Washington, DC, were on the brief, for appellee.

Before KRAMER, FARLEY and IVERS, Associate Judges.

FARLEY, Associate Judge:

This is an appeal from a December 26, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for atherosclerotic peripheral vascular disease with right above-the-knee amputation. In its "REASONS AND BASES FOR FINDINGS AND CONCLUSIONS," after reviewing the conflicting medical evidence of record, the Board discounted the medical evidence supporting appellant's claim, citing specific pages of two recognized medical treatises; the Board noted as follows:

> While the veteran has submitted a statement dated in April 1991, from Dr. Goldberg, a specialist in internal medicine, to support his claim of secondary service connection, we note that even Dr. Goldberg admitted that the primary cause of the veteran's loss of leg was arterial occlusive disease, quite likely related to smoking and hypertension. While he went on to mention that the veteran's secondary venous problems, secondary to previous knee bracing and deep vein thrombosis, made his right leg more susceptible to ischemia due to arterial disease, we find that such opinion is not recognized medically. Harrison's Principles of Internal Medicine, pages 992–1001, 1024–1025 (Volume I, 12th edition, 1991), Henry Haimovici, Vascular Surgery, Principles and Techniques, pages 48–53 (2d edition, 1984). Overall, the evidence of record does not demonstrate that the veteran's atherosclerotic peripheral vascular disease with result-

246

ing above-the-right-knee amputation was proximately due to or the result of a service-connected disease or injury.

*Rufus L. Houston,* BVA ____, at 5 (Dec. 26, 1991) (underscoring in original). A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). On June 15, 1992, appellant filed a brief in support of his claim. On September 29, 1992, the Secretary of Veterans Affairs (Secretary) in turn, filed his brief.

On October 22, 1992, the Secretary filed a motion for leave to file a Supplemental Record on Appeal (SROA) out of time, to include portions of the two medical texts relied upon by the Board in rendering its December 1991 decision. The Secretary contended that the excerpts from the medical texts were being provided for the convenience of the Court. On November 25, 1992, appellant filed an objection to the Secretary's motion for leave to file the SROA, contending that the BVA "ignored a well-reasoned medical opinion that applied specifically to the facts and circumstances of this claim, and substituted some research material which frankly is not relevant to the issue and does not contain the complexity of the issues involved in this particular claim." Appellant's Objections at 1. Appellant concluded that the inclusion of the medical texts would constitute the use of unfounded hearsay. *Id.* On December 10, 1992, the Secretary filed a motion for leave to file a response to appellant's objections to the motion for leave to file an SROA out of time, along with a copy of his response. This motion was granted. In the response, the Secretary noted that this Court previously has held that the BVA's findings of fact must be supported by the medical evidence of record, rather than the BVA's own medical judgment, and that where the medical evidence of record is insufficient or, in the opinion of the Board, of doubtful weight or credibility, the Board is encouraged to supplement the record by seeking an advisory opinion, ordering a medical examination, or citing in its decisions recognized medical treatises that clearly support its ultimate conclusions. Appellee's Resp. at 2 (citing *Colvin*

*v. Derwinski,* 1 Vet.App. 171, 175 (1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990); *Hanson v. Derwinski,* 1 Vet.App. 512, 517 (1991); *Washington v. Derwinski,* 1 Vet.App. 459, 464 (1991); *Fletcher v. Derwinski,* 1 Vet.App. 394, 396–97 (1991); *Ferraro v. Derwinski,* 1 Vet.App. 326, 330 (1991); *Fallo v. Derwinski,* 1 Vet.App. 175, 177 (1991); *Sammarco v. Derwinski,* 1 Vet.App. 111, 113 (1991)). The Secretary asserted that the BVA's reliance upon the medical texts in question in rendering its decision in this appeal did not constitute the use of "unfounded hearsay." Appellee's Resp. at 2. In fact, the Secretary pointed out that, in another decision, this Court encouraged the BVA "to draw guidance from a great diversity of recognized medical treatises, rather than those that were readily available to the Court." Appellee's Resp. at 3 (citing *Hatlestad v. Derwinski,* 3 Vet.App. 213, 217 (1992)). In a footnote to his response, the Secretary conceded that "the BVA's reliance upon 'generally accepted medical principles,' without explicitly identifying and discussing these principles, does not comport with the requirements of *Colvin v. Derwinski, supra."* Appellee's Resp. at 2 n. 1.

By Order dated January 6, 1993, this Court denied appellant's motion for leave to file a response to appellee's motion for leave to file the SROA and granted the Secretary's motion for leave to file the SROA. The Court also ordered that appellant, within 30 days after the date of the order file with the Court and serve upon the Secretary a supplemental brief containing arguments pertaining to the medical evidence relied upon by the BVA in its December 1991 decision, excerpts of which are contained in the SROA. Additionally, the Court ordered that the Secretary, within 30 days after receipt of appellant's supplemental brief, may file a supplemental brief in reply to any arguments advanced by appellant. On February 3, 1993, appellant filed a supplemental brief in response to the Court's January 6, 1993, Order. The Secretary has not filed a supplemental brief in reply.

In *Hatlestad, supra,* this Court held that bare citations to medical texts, without more, are insufficient to meet the requirements articulated by this Court in *Colvin* regarding citation of recognized medical treatises. The Court held that

> the Board should henceforth include in its decisions quotations from medical treatises (rather than bare citations), and such quotations should be of sufficient length so that their context (both within the treatise in question and within the body of relevant medical literature) is able to be determined. Under this procedure, the Board would be free to draw guidance from a great diversity of recognized medical treatises, rather than, for example, only those that may be readily available to this Court.

*Hatlestad,* 3 Vet.App. at 217. Further, in a more recent decision, *Thurber v. Brown,* 5 Vet.App. 119, 122–26 (1993), this Court held that when the BVA, in rendering a decision, relies on a medical treatise obtained after the issuance of the most recent Statement of the Case or Supplemental Statement of the Case with respect to the claim at issue, the BVA is required to provide the claimant with reasonable notice of the treatise and of the reliance proposed to be placed on it, as well as a reasonable opportunity for the claimant to respond to the treatise. In *Thurber,* the Court also concluded:

> If, in the course of developing or obtaining or attempting to so develop or obtain such evidence, the BVA becomes aware of any evidence favorable to the claimant, it shall provide the claimant with reasonable notice of and a reasonable opportunity to respond to the favorable evidence, and shall in its decision provide reasons or bases for its findings with respect to that evidence. These requirements are implicit in *Colvin* and *Hatlestad.* In *Hatlestad,* we stated: "The procedure that the Court called for in *Colvin* ... was designed to ensure 'that all *medical evidence contrary* to the veteran's claim will be made known to [the veteran] and be a *part of the record* before this Court.' ... [Q]uotations from medical treatises ... should be of sufficient length so that their context

(*both* within the *treatise in question and* within the body of *relevant medical literature*) is able to be determined." *Hatlestad,* 3 Vet.App. at 217 (quoting *Colvin,* 1 Vet.App. at 175) (emphasis added). Certainly, quotations, to be in proper context, should include known material from literature that is both unfavorable and favorable to the claimant. The requirements we announce today apply only to the BVA. We express no view as to their applicability with respect to any other VA adjudications.

5 Vet.App. at 126.

Here, the BVA, in a decision issued subsequent to *Colvin* but prior to *Hatlestad,* merely cited to the medical texts referenced in its decision without quoting from those portions of the texts which were relevant to the disposition of this appeal. Moreover, and contrary to the requirements recently articulated in *Thurber,* the Board did not provide appellant with reasonable notice of the medical texts at issue and the reliance proposed to be placed on them by the Board, as well as a reasonable opportunity to respond to such medical evidence.

In consideration of the foregoing, the decision of the BVA is VACATED; and this matter is remanded for proceedings consistent with this opinion. On remand, the BVA is directed to provide appellant with reasonable notice of any medical texts or treatises to be relied upon in rendering its decision and to provide appellant with a reasonable opportunity to respond to such evidence. The BVA also is directed to satisfy the requirements set forth in *Colvin, Hatlestad,* and *Thurber,* with respect to reliance upon and citation to medical texts and treatises. "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher,* 1 Vet.App. at 397.