**Fred SWAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–187.

United States Court of Veterans Appeals.

Oct. 21, 1996.

Before FARLEY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM.

Following the oral argument on October 9, 1996, the Court has determined that there is a need for further briefing on the following questions:

(1) What is the applicability of Part IV, ¶8.16, of the Department of Veterans Affairs ADJUDICATION PROCEDURE MANUAL M21–1) (Oct. 11, 1994) (MANUAL M21–1), and the cross-reference to ¶ 8.05(a)(1), to this case insofar as a statement from a personal hearing can fulfill the requirement of 38 U.S.C. § 7105(b)(2) for a substantive appeal; insofar as the date when the transcript is certified will be the date of receipt of the substantive appeal; and insofar as the use of "may" in ¶ 8.16 and "will" in ¶ 8.05a(1), *cf. Smith (George) v. Brown,* 8 Vet.App. 546 (1996) (en banc) ("appellant cannot be deprived of his or her right to appeal to this Court as a result of the Chairman's action to reconsider a prior decision")?

(2) What is the relationship, if any, between the last sentence in 38 U.S.C. § 7105(d)(3) ("The agency of original jurisdiction may close the case for failure to respond after receipt of the statement of the case, but questions as to timeliness or adequacy of response shall be determined by the Board of Veterans' Appeals") and the process for conducting administrative appeals set forth in 38 C.F.R. § 19.52 (providing for notice to claimant that an administrative appeal has been entered—"outlining the question at issue", and allowing 60-day period to join in appeal), § 19.75 (providing for opportunity for hearing); § 19.77 (requiring that Statement of the Case (SOC) be provided), § 20.401 (preserving appellate rights to Board during administrative appeal and allowing separate appeal of same issue to Board) (1995); *see also* 38 C.F.R. §§ 19.33 ("[i]f, within the [AOJ], there is a question as to the timely filing of a ... Substantive Appeal, the procedures for an administrative appeal must be followed"), 19.34 (1995)? Specifically address whether or not the statutory reference to "questions as to timeliness" in section 7105(d)(3) has been

defined by the Secretary in § 19.33 to mean "a question as to the timely filing of a ... Substantive Appeal" raised to the Board by the AOJ in an administrative appeal.

(3.) In light of the above and fair-process considerations (*see, e.g., Austin v. Brown,* 6 Vet.App. 547 (1994); *Thurber v. Brown,* 5 Vet.App. 119 (1993); *Bernard v. Brown,* 4 Vet.App. 384 (1993)), does the Board have authority, in the absence of an administrative appeal, to adjudicate a question of timeliness of a substantive appeal if the AOJ has not made an adverse determination as to timeliness subsequent to a mandatory administrative appeal, *see* MANUAL M21–1, Part IV, ¶ 8.15(e) ("If there is a question as to whether or not a substantive appeal was timely filed, follow the administrative appeals procedures (38 [C.F.R. § ] 19.33)); *cf.* MANUAL M21–1, Part IV, ¶ 8.06(d) (regarding filing of Notice of Disagreement, "[t]he decision as to whether or not an appeal has been timely filed will be made by the BVA after proper appellate procedures, including issuance of an SOC, are followed"); 38 C.F.R. § 20.203 (1995) ("When the Board raises the issue of *adequacy* of the Substantive Appeal, the appellant and representative, if any, will be given notice of the issue and a period of 60 days following the date on which such notice is mailed to present written argument or to request a hearing to present oral argument on this question") (emphasis added)?

On consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the appellant file, and serve on the Secretary, a memorandum addressing the foregoing questions. It is further

ORDERED that the Secretary file a memorandum in response not later than 30 days after service of the appellant's response.