**Clarita G. AGUINALDO, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**Nos. 96–252.**

United States Court of Veterans Appeals.

May 8, 1997.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

## ORDER

PER CURIAM.

On consideration of the pleadings submitted by both parties, the Court has determined that there is a need for additional briefing. On April 18, 1996, the Board of Veterans' Appeals (BVA) rendered a decision denying the appellant restoration of death benefits as the veteran's surviving spouse.

The appellant has repeatedly requested copies of field examination reports as well as statements taken by VA in conjunction with a September 1993 field examination conducted to determine the appellant's marital status. She was told that the identities of the people who had provided information were withheld to protect their privacy and to abide by VA's promise of confidentiality. VA General Counsel reviewed the appellant's request but concluded that confidentiality was needed due to the common practice in the jurisdiction involved of intimidation through bribes, threats of injury, and character assassination. The appellant was informed that the identity of VA investigators and the persons interviewed were protected pursuant to the Freedom of Information Act, 5 U.S.C. § 552(b)(7)(C) and (D). However, she was provided with redacted copies (some very substantially redacted) of the field examination reports and statements.

The BVA decision was based on unredacted copies of the field examination reports and statements. In addition, as the Secretary has conceded, the BVA did not address whether, through the Statement of the Case (SOC), Supplemental SOC, or redacted copies of the documents provided to the appellant, the appellant was given reasonable notice of the evidence obtained by the VA regional office and whether she was given the opportunity to respond to that evidence. *See* 38 C.F.R. § 19.29 (1996) (SOC must be complete enough to permit the appellant to present arguments before the BVA).

Accordingly it is

ORDERED that, within 30 days after the date of this order, the Secretary file with the Court, and serve on the appellant, a memorandum that addresses the following questions:

(1) Whether this Court may review a VA decision that the identity of informants and investigators must be concealed;

(2) Whether, consistent with due process, the Secretary may withhold the identity of informants and investigators and other information under the circumstances of this case;

(3) Whether, consistent with the fair process concerns that underlay *Thurber v. Brown,* 5 Vet.App. 119, 122–26 (1993), and *Austin v. Brown,* 6 Vet.App. 547, 550–55 (1994), a BVA decision may properly rely, in a manner adverse to the claimant, upon evidence not made available to the claimant.

It is further

ORDERED that, within 60 days after service of the Secretary's memorandum, the appellant may file with the Court, and serve on the Secretary, a memorandum addressing the same questions.

Interested amici curiae, within 30 days after filing of the Secretary's memorandum, may file memoranda addressing the same questions.