MAYER, Circuit Judge.
Elmer A. Hawkins challenges the Court of Appeals for Veterans Claims (“Veterans Court”) refusal to issue a writ of mandamus. Hawkins v. Peake, Sec’y of Veterans *296 Affairs, No. 08-2336 (Ct.Vet.App. Feb. 23, 2009). We affirm.
Hawkins seeks a writ of mandamus to instruct the Secretary of Veterans Affairs to: disclose medical files, records, reports, and other documents pertaining to the petitioner’s claim; grant the petitioner service connection; abide by the Veterans Court’s remand instructions; and “adjudicate petitioner’s claim under general principles of fair process according to law of this case and Thurber v. Brown, 5 Vet.App. 119 (1993).”
We review this case under the All Writs Act. See 28 U.S.C. § 1651(a). A writ of mandamus will issue if a petitioner can show: (1) no other adequate means to attain the desired relief; and (2) an indisputable right to issuance of the writ. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). Hawkins has not met this burden.
The Veterans Court remanded Hawkins’s appeal to the Board of Veterans’ Appeals. The board has remanded to a regional office (“RO”) of the Department of Veterans Affairs (“VA”) to ensure compliance with a March 2006 order of the Veterans Court. The RO may yet grant Hawkins VA benefits. Even if no VA benefits are granted by the RO, Hawkins has access to appellate review. As such, adequate means exist to attain the desired relief. Additionally, remand to the RO for developing a more complete record benefits Hawkins. The RO’s March 25, 2008, Supplemental Statement of the Case denied service connection. Without service connection an indisputable right to the expansive relief sought in Hawkins’s petition for a writ of mandamus does not exist. Accordingly, the Veterans Court did not abuse its discretion in denying the writ.