Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 190402-8840
DATE: August 31, 2021

REMANDED

The appeal under the Appeals Modernization Act (AMA) to establish service connection for obstructive sleep apnea remanded.

REASONS FOR REMAND

The Veteran served on active duty from July 1990 to July 1994, April 2010 to September 2010, March 2012 to November 2012. He also had additional service of an unverified nature in the Reserves. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the AMA. This law creates a new framework for Veterans dissatisfied with the VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The issue on appeal was denied by the AOJ in an October 2018 rating decision, and the Veteran was notified of such later that month. In April 2019, the Veteran filed a VA Form reflecting his wishes to appeal this determination to the Board via the Direct Review docket. 

In December 2019, the Board dismissed the Veteran's AMA appeal due to lack of jurisdiction, and the Veteran appealed the Board's dismissal to the United States Court of Appeals for Veteran's Claims (the Court). While the appeal was pending before the Court, a private attorney representing the Veteran and a representative of VA's Office of General Counsel filed a Joint Motion for Remand in November 2020. In an Order issued later in November 2020, the Court vacated the Board's December 2019 decision and remanded the matter for readjudication congruent with the parties' agreements in the November 2020 Court-endorsed Joint Motion. The Veteran's AMA appeal has been returned to the Board. 

The appeal under the AMA to establish service connection for obstructive sleep apnea remanded.

For the reasons discussed below, the Board concludes that readjudication of this matter would be premature, as remand is necessary in order to correct an error by the AOJ in satisfying a regulatory and statutory duty that, when corrected, serves a reasonable possibility of aiding in substantiating the Veteran's appeal. 

In pertinent part, the Board's December 2019 dismissal of the Veteran's AMA appeal was based on a finding that the Board's lacked jurisdiction of the AMA appeal because (1) the rating decision from which it stemmed was issued prior to February 19, 2019, (2) the Veteran did not opt into the Rapid Appeals Modernization Program (RAMP) prior to February 19, 2019, and (3) Veteran did not opt into the AMA appeal system after the issuance of a Statement of the Case or Supplemental Statement of the Case. 

In the November 2020 Court-endorsed Joint Motion, the parties agreed that the Board erred in dismissing the Veteran's AMA appeal for lack of jurisdiction without, first, providing he and his representative with adequate notice of the potential jurisdictional defect and an opportunity to respond to such, as consistent with 38 C.F.R. § 20.104 (c) and the Court's holding in Thurber v. Brown, 5 Vet. App. 119, 123 (1993). While not specifically reflected in the Veteran's electronic VA file, it is assumed that the Veteran and his representative were provided notice of the Joint Motion and the Court's Order shortly after issuance of such. 

On December 1, 2020, the Veteran's representative submitted to the AOJ a completed VA Form 21-0950 (i.e., "legacy" Notice of Disagreement) reflecting disagreement with the AOJ's October 2018 denial of the Veteran's claim to establish service connection for obstructive sleep apnea. A statement accompanying this attempted "legacy" appeal were motions for an extension of the time limit to file such based on good cause under 38 C.F.R. § 3.109 (b) and for equitable tolling of the deadline to file a "legacy" Notice of Disagreement with the October 2018 rating decision. 

In response to these filings, the AOJ sent the Veteran a letter on December 2, 2020, stating that his "appeal was addressed by [the Board]" and that he could appeal the matter to the Court, although he had not done so. It is clear that the AOJ misinterpreted the Veteran's December 2020 filings and motions, as the Board's January 2019 AMA dismissal did not address the matters of an extension, or equitable tolling, of the time period to file a "legacy" Notice of Disagreement with the October 2018 rating decision, and the Veteran did, in fact, appeal the Board's January 2019 decision to the Court, whose Order effectuating the November 2020 Joint Motion was of record at the time of the AOJ's issuance of this letter. 

In June 2020, the Board sent the Veteran and his accredited representative a letter which outlined the jurisdictional defect impacting the Veteran's AMA appeal, as discussed in detail above, and provided them a 60-day period to submit argument in furtherance of the appeal and the Board's jurisdiction of such. Neither the Veteran nor his representative has responded to this June 2020 letter from the Board. The Board's actions in this respect satisfy the parties' agreements in the November 2020 Court-endorsed Joint Motion. 

While it is clear that the Board does not currently have jurisdiction of the Veteran's AMA appeal, the Board is cautious to dismiss such, even without prejudice to refiling, because he has not been afforded the opportunity to exhaust all possible options of conferring AMA jurisdiction of this matter to the Board. Specifically, the AOJ's failure to adequately respond to the Veteran's December 2020 filings, particularly the motions for an extension and/or equitable tolling, has precluded his ability to opt into the AMA appeal system after the issuance of a Statement of the Case or Supplemental Statement of the Case. 

In essence, the Veteran's December 2020 filings to the AOJ involved two separate motions in furtherance of his desire to continue his "legacy" appeal of this issue. If successful, the next step in the "legacy" appeal process involves the AOJ's issuance of a Statement of the Case, which the Veteran may opt into the AMA. As recounted above, the AOJ's December 2020 reply to these filings were not responsive to the "legacy" Notice of Disagreement or either of the Veteran's motions. The AOJ's failure to properly respond to the Veteran's motions represents a failure to satisfy a regulatory and statutory duty that, when corrected, serves a reasonable possibility of aiding in substantiating the Veteran's appeal whether under the AMA or VA's "legacy" appeal system. 

The Board's hesitation to dismiss the Veteran's AMA appeal at this time is, in part, based on an uncertainty of whether doing so would preclude the Veteran from subsequently opting the same appeal into the a AMA after issuance of a Statement of the Case, assuming that the AOJ grants at least one of the Veteran's December 2020 motions. To this point, the Board is unaware of any governing statute, regulation, or caselaw, which unambiguously provides that a Board dismissal of this AMA appeal due to a lack of jurisdiction at this juncture would not bar a later attempt to confer such jurisdiction of the same appeal to the Board under the doctrine of res judicata. 

In light of above, the Board must defer readjudication of the Veteran's AMA appeal until the AOJ takes actions to fulfill its regulatory and statutory duty of ruling on the Veteran's December 2020 motions for an extension and/or equitable tolling of the time limit to file a "legacy" Notice of Disagreement with the October 2018 rating decision, as doing so raises a reasonable possibility of aiding in substantiating the current AMA appeal. 38 C.F.R. § 20.802(a). 

The Board is cognizant that, under the AMA, the Board may not direct actions in connection with any appealed issue not subject to the instant remand; however, the AOJ's rulings on the Veteran's December 2020 motions for an extension and/or equitable tolling of the time limit to file a "legacy" Notice of Disagreement with the October 2018 rating decision are, in fact, part and parcel of the matter before the Board. This is so because depriving the Veteran of the benefit of such AOJ rulings, to include any resulting appeal if the AOJ's rulings are unfavorable, would also deprive him the opportunity to substantiate the AMA appeal subject to this remand, and thus, due process of law. 

The matters are REMANDED for the following actions:

1. The AOJ must fulfill its statutory and regulatory duty to rule on the Veteran's December 2020 motions seeking (1) an extension of the time limit to file a "legacy" Notice for Disagreement with the October 2018 rating decision based on good cause under 38 C.F.R. § 3.109 (b) and (2) equitable tolling of the deadline to file a "legacy" Notice of Disagreement with the October 2018 rating decision. 

This AOJ's decision must adjudicate the Veteran's assertions, as set forth in the December 2020 filings, under the governing statutes, regulations, and holdings of the United States Court of Appeals for Veteran's Claims and the United States Court of Appeals for the Federal Circuit based on the specific facts of the Veteran's case and legal framework of the VA's "legacy" appeal system. The Veteran and his representative must be provided a copy of this adjudication, their rights to appeal such, and an appropriate opportunity to respond.

2. Thereafter, if the Veteran's AMA appeal is not rendered moot by the AOJ's actions and/or the Veteran's response to such, the Veteran's AMA appeal must be returned to the Board for further appellate consideration.

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Scott W. Dale, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.