# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 13-1240

JACQUELINE S. ROBERTS, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided October 7, 2014)

*Sandra E. Booth,* of Columbus, Ohio, was on the brief for the appellant.

*Tammy L. Kennedy*, Acting General Counsel; *Mary Ann Flynn*, Assistant General Counsel; and *Christopher O. Adeloye*, Acting Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, *Chief Judge*, and MOORMAN and BARTLEY, *Judges*.

MOORMAN, *Judge*: The appellant, Jacqueline S. Roberts, the surviving spouse of veteran Clifford L. Roberts, seeks review of a December 28, 2012, decision of the Board of Veterans' Appeals (Board) that determined that the offset of the appellant's annuity benefits under the Survival Benefits Plan (SBP), 10 U.S.C. §§ 1447-1455, against retroactive payment of dependency and indemnity compensation (DIC) is valid. The appellant's SBP payments began years before her award of DIC benefits. The Board relied exclusively on VA regulation 38 C.F.R. § 3.658 in reducing the appellant's DIC award by withholding a retroactive DIC payment of $30,264.86 based on the appellant's receipt of SBP payments during the same period. This panel directed supplemental briefing from the parties regarding the authority for the Board's reduction of DIC benefits in this case. Because the DIC award was not subject to an offset under the regulation relied on by the Board, the Court will vacate the Board's decision and remand the matter for readjudication.

## I. FACTS

Mr. Roberts served on active duty in the U.S. Army from October 1949 to June 1951 and from April 1953 to January 1972. Record (R.) at 825-30. The veteran and the appellant were married in September 1982 and remained married until his death in April 2005. Prior to his death, in July 2003, the veteran, as part of his election to participate in the SBP, authorized VA to deduct $109.45 per month from his VA compensation benefits to pay for the SBP premiums. R. at 354. According to the election form, the deductions were to be forwarded to the Defense Finance and Accounting Service (DFAS). *Id.*

After the veteran died, the appellant filed a claim for DIC in May 2005. R. at 508-11. She became entitled to SBP annuity payments from the Department of Defense (DoD), effective April 8, 2005. In August 2006, to "ensure proper payment of the [SBP] annuity," the DFAS contacted VA to inquire whether the appellant was entitled to DIC. R. at 371. The letter noted: "If it is determined that there have been SBP overpayments to the annuitant based on a DIC entitlement, we will notify you of the amount of money that we must recoup from the annuitant's DIC and the proposed dates for submission to DFAS [Cleveland]." *Id.*

The Board ultimately granted service connection for the cause of the veteran's death and awarded DIC, pursuant to 38 U.S.C. § 1310, in February 2010. R. at 94-105. The following month, the VA regional office (RO) assigned an effective date of April 15, 2005. R. at 76. Accordingly, the appellant was found entitled to monthly DIC payments, effective May 1, 2005. R. at 5. Shortly thereafter, the RO contacted DFAS and was informed that the appellant had received a total of $30,264.86 in SBP payments between April 2005 and March 2010. R. at 83.

In a letter dated May 2010, the RO notified the appellant of her monthly DIC award amount and the payment start date of May 1, 2005. R. at 70. The letter also stated:

**Why Have We Withheld Benefits?**

You are not allowed to receive Special Benefits Program pay and DIC at the same time. The following will provide an explanation of how this works:
For now, we have withheld $30,264.86, which is the amount paid to you from the Special Benefits Program through Department of Defense Finance Services. We must do this to prevent a double payment.

2

R. at 71. In July 2010, the appellant filed a timely Notice of Disagreement as to the SBP offset against her DIC benefits. R. at 64-69. In an August 2010 Statement of the Case (SOC), the RO found that the offset and withholding of the retroactive DIC was correct based on 38 C.F.R. § 3.658. R. at 53. The RO stated that § 3.658 "is the law being upheld in the VA's decision to offset the claimant's DIC benefits with what she has already been paid under the Survivor's Benefit Program (SBP)." *Id*.[1] She appealed to the Board.

In the decision here on appeal, the Board determined that offsets in DIC payments are covered by § 3.658, that the appellant's "SBP payments are considered death compensation or benefits under FECA for the purposes of that regulation," and that, therefore, "the offset of the SBP payments against the appellant's DIC was proper under 38 C.F.R. § 3.658 (2012)." R. at 5-6. The Board denied the appellant's claim for release of the withheld DIC payments, finding that there were "no exceptions to that regulation that apply to the appellant" because she did not remarry after age 57. *Id*. at 8 (discussing 38 U.S.C. §§ 103(d)(2)(B), 1331(e)).

## II. ANALYSIS

On appeal, the appellant argues that the Board erred in relying on 38 C.F.R. § 3.658 and that the Board's reliance on an inapplicable regulation to support its decision is error as a matter of law and prejudicial to her. She asserts that based on the nature of the SBP, the Board erred in finding that payments made by the DoD under an SBP plan are "death compensation or benefits under the

---

[1] VA regulation § 3.658 contains explicit provisions explaining the circumstances under which DIC is subject to an offset:

>   (a) When an award of [DIC] is made covering a period for which death compensation or benefits under the Federal Employee's Compensation Act [(FECA)], based on military service, have been paid to the same payee based on the same death, the award of [DIC] will be made subject to an offset of payments of death compensation or benefits under the Federal Employees' Compensation Act over the same period.

>   (b) When an award of [DIC] is made covering a period for which death benefits have been paid to the same payee based on the death of another spouse the award will be made subject to an offset of payments of death pension or compensation, or [DIC] over the same period in the case of the other spouse.

38 C.F.R. § 3.658 (2014).

[FECA]" under § 3.658. Appellant's Aug. 11, 2014, Response (Resp.) to Court Order at 3 (quoting R. at 5). She further contends that there is no statutory authority for a reduction of a DIC award or the withholding of DIC funds. The appellant maintains that the relevant statutory authority that addresses the situation where a surviving spouse is entitled to both DIC and SBP is found in 10 U.S.C. § 1450(c), which allows a reduction in the SBP annuity payment, not DIC. She maintains that section 1450(c) confers specific authority on the DoD to recoup SBP payments, but only in limited and specific circumstances that do not include a reduction in DIC payments or the withholding of retroactive DIC payments, and sets forth specific procedures the DoD must follow in providing the spouse with notice of any recoupment of SBP payments. *Id*. at 5-8. She asserts that she is "entitled to an accounting of, and potential credit for, all premiums paid . . . against the total offset amount which the Board enforced through its December 2012 decision" currently on appeal. *Id*. at 6 n.2.

The Secretary concedes that the Board incorrectly relied on § 3.658(a) in determining that the offset was valid but maintains that other statutory and regulatory provisions authorize VA to deduct the SBP annuity payments from the DIC award and that, therefore, the Board's error was not prejudicial to the appellant. Secretary's Aug. 12, 2014, Resp. Before this Court, the Secretary relies on 38 U.S.C. § 5314 ("Indebtedness offsets") and its implementing VA regulation 38 C.F.R. §§ 1.911(a) and 1.912a(a). The Secretary further argues that the appellant was notified of the offset in May 2010 and that, if the Court determines that the notice does not comply with those provisions, any error is not prejudicial to the appellant because she "fully pursued her right to dispute the indebtedness determination, and did so in a timely manner at the administrative level." Secretary's Aug. 12, 2014, Resp. at 4. The Secretary also relies on a "Memorandum of Understanding Between the Department of Veterans Affairs and the Department of Defense–Retired Pay and Survivor Annuities" (MOU), which contains provisions concerning DIC and SBP. *See* Department of Defense Financial Management Regulation 7000.14.R, vol. 7B, app. G, art. I-V (Oct. 2010) ("MOU").[2] The Secretary points to specific MOU provisions pursuant to which DoD is required "to pay only the

---

[2] The MOU, signed by the DFAS director and the VA director of the Compensation and Pension Service, allows for either party to propose amendments that, upon agreement by both parties, become effective; and allows either party to terminate the MOU upon a 30-day notice. *Id*. at G-10.

amount of SBP that 'exceeds [a] DIC award'" and "VA is required 'to [r]ecoup overpayments resulting from VA . . . awards paid prior to the actual reduction in the DFAS account, provided the DFAS made the reduction on a timely basis upon receipt of the VA award transaction.'" Secretary's Aug. 12, 2014, Resp. at 5 (quoting MOU at G-3 (art. II, sec. 2-1(G))).

The Secretary asserts that "SBP is the benefit that is reduced by the grant of DIC payments" but that here "because SBP payments were previously disbursed, in full, past-due DIC benefits are reduced in order to effectuate the Title 10 offset (thus ensuring Appellant does not impermissibly receive full SBP *and* DIC benefits.)." Secretary's Aug. 12, 2014, Resp. at 5. The Secretary does not discuss the statutes relevant to "Title 10 offset."

Based on the Secretary's concession that the Board relied on an inapplicable VA regulation in concluding that the offset against the appellant's DIC award was valid, the Court concludes that a remand is warranted. Both the RO and the Board relied solely on the inapplicable VA regulation in reducing the appellant's DIC award. This Court's caselaw requires us to ensure compliance with reasonable notice and fair process. *See Thurber v. Brown*, 5 Vet.App. 119 (1993) (noting that the "entire thrust of the VA's nonadversarial claims system is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process" and announcing the "fair process" framework); *see also Sprinkle v. Shinseki*, 733 F.3d 1180, 1185-87 (Fed. Cir. 2013) (discussing the fair process doctrine in the context of evidence developed by the RO on remand and discussed in a Supplemental Statement of the Case (SSOC)); *Austin v. Brown*, 6 Vet.App. 547, 551 (1994).

This Court has explained that "creating a procedural right in the name of fair process principles is primarily based on the underlying concept of the VA adjudicatory scheme, not the U.S. Constitution." *Prickett v. Nicholson*, 20 Vet.App. 370, 382 (2006). There is statutory and regulatory authority in the VA adjudicatory scheme that provides the appellant a right to receive an SOC that complies with the dictates of VA's regulation, i.e., the SOC must discuss how applicable laws and regulations affect the RO's determination on each issue. *See* 38 U.S.C. § 7105(d)(1) (providing that a claimant is entitled to an SOC that "shall include . . .[a] citation to pertinent laws and regulations and a discussion of how such laws and regulations affect the agency's decision"); 38 C.F.R. § 19.29, (b), (c) (2014) (SOC "must be complete enough to allow the appellant to present written and/or oral

argument before the Board"; and must contain, inter alia, a "summary of the applicable laws and regulations, with appropriate citations, and a discussion of how such laws and regulations affect the determination"; and "[t]he determination of the agency of original jurisdiction on each issue and the reasons for each such determination with respect to which disagreement has been expressed"); *see also Archbold v. Brown*, 9 Vet.App. 124, 129 (1996) (noting fundamental right to receive appellate rights and SOC). Although it is clear that the Due Process Clause of the U.S. Constitution applies to proceedings in which VA decides whether claimants are eligible for veterans benefits, *Cushman v. Shinseki*, 576 F.3d 1290, 1296 (Fed. Cir. 2009), the Court need not reach the constitutional due process question here because the appellant was deprived of the fair process described in VA's own regulations.

Based on VA's reliance on an inapplicable regulation as the sole basis for reducing the appellant's DIC award, the Court concludes that the August 2010 SOC she received does not provide the governing authority under which VA has the authority to act and recoup the asserted overpayment of benefits created through the DoD and, therefore, did not comply with § 19.29. She was not put on notice of the laws and regulations that VA believes applicable. Although she was informed several times of the VA's withholding of her benefits to offset an asserted overpayment based on § 3.658(a), in light of the Secretary's position that VA regulation § 3.658(a) does not apply to the circumstances in this case, the appellant was not provided the authority for the reduction in her DIC award.

To the extent a harmless error analysis is applicable to the type of violation of fair process involved here, *cf. Sprinkle, supra; Gambill v. Shinseki*, 576 F.3d 1307, 1311 (Fed. Cir. 2009) (holding that the denial of a constitutional right to challenge adverse evidence through interrogatories "is subject to harmless error analysis"), the Court concludes that the appellant was prejudiced because she was not informed of the proper legal basis or authority for the reduction of her DIC benefits based on the overpayment and was therefore denied the opportunity to challenge the reduction on the correct legal basis or authority. Accordingly, on remand, the appellant is to be provided the opportunity to challenge the basis for the asserted overpayment and its calculation and any legal authority and determination to continue the reduction in her DIC award. *See* 38 U.S.C.

§ 7105(d)(1); 38 C.F.R. § 19.29. Upon readjudication, the appellant is entitled to an SSOC from the RO regarding her claim and any other notice requirements under any applicable regulations.

The Secretary cites 38 U.S.C. § 5314(b), which applies to indebtedness "to the United States by virtue of [a] person's participation in a benefits program administered by the Secretary," as authority for reducing the DIC award. The Secretary also cites 38 C.F.R. §§ 1.911 and 1.912a, which apply only to "the collection of debts resulting from an individual's participation in a VA benefit . . . program" and not to "VA's other debt collection activities." 38 C.F.R. § 1.911 (2014); *see* 38 C.F.R. § 1.911a (2014) (applying to payment of debts not arising out of participation in a VA benefit). In this regard, the Court notes that the RO's recoupment of $30,264.86 appears to be not the result of an overpayment of benefits administered by VA but the result of an asserted overpayment of SBP benefits made by the DoD. Accordingly, on remand, VA must issue a decision concerning the applicability of the now-cited regulations to the facts here and the law that authorizes VA to recoup the asserted overpayment on behalf of the DoD by reducing the DIC award. VA must discuss the legal questions presented in this appeal, the applicability of any title 10 and title 38 provisions and the MOU, the authority for VA to enter into the MOU as to DIC-SBP offsets that result in a reduction of a DIC award, as well as the relevance of, and any factfinding pertinent to, any other DoD regulations.

To the extent VA, on remand, relies on section 5314(b) and §§ 1.911 and 1.912a in determining indebtedness resulting from the SBP, the Court notes that those provisions contain rights and remedies, including the right to notice of the right to request waiver of the indebtedness. The Court notes that the record before the Court does not include any notice to the appellant of any right to request a waiver. In addition, the Court notes that in determining the amount of a debt owed and whether recoupment of an offset amount is permitted, title 10 statutory provisions, e.g., 10 U.S.C. § 1450 ("Payment of annuity: beneficiaries"), (c) ("Offset for amount of [DIC]"), appear relevant to the DIC-SBP offset issue, yet § 1.911 does not reference those provisions. Although § 1.912a(e) addresses the offset of military service debts, it discusses only VA collection by offset from compensation benefits payable "to a veteran" for indebtedness associated with the veteran's participation in an SBP or Retired Serviceman's Family Protection Plan. 38 C.F.R. § 1.912a(e) (2014) (referencing plans prescribed in "subchapter I or II of 10 U.S.C. chapter 73"). Furthermore,

7

§ 1.912a(e) references 31 U.S.C. § 3716 ("Administrative offset"). *See* 38 C.F.R. § 1.912a(e)(2) (describing process involving offsets to recoup indebtedness to the military service that requires miltary service to certify that due process procedures of 31 U.S.C. § 3716 have been provided to the veteran); 57 Fed. Reg. 47,262 (Oct. 15, 1992) (Final Rule) (amending § 1.912a to implement procedures for involuntary offset from VA compensation or pension benefit payments under 38 U.S.C. § 5301(c) "to recoup debts owed by VA beneficiaries to the military services" and noting that the "amended regulation implements the procedures agreed to between the military services and VA in which the military service will afford the veteran the legal rights required by section 5301(c)").

Notably, the Secretary quotes a DoD regulation pertaining to "DIC Offset" that provides that "[p]ayment of the SBP annuity is not withheld or delayed pending verification of the DIC award if the annuitant signs a statement authorizing the VA to collect any overpayment that results from the overlap of the DIC and SBP payments." DoD Financial Management Regulation, vol. 7B, ch. 46, para. 460402 (July 2011) (quoted in Secretary's Aug. 12, 2014, Resp. at 5 n.1.). The DoD regulation also contains a provision that allows the liquidation of a debt by utilizing one of three methods, including "[t]he annuitant authorizing the VA to reduce DIC and remit the amount collected to the DFAS-Cleveland site." *Id*. at para. 460701. Accordingly, the regulation appears to contemplate written authorization from the SBP annuitant before there is a reduction in DIC to satisfy an SBP annuity overpayment. The record before the Court, however, does not contain any documents reflecting whether the appellant signed "a statement authorizing the VA to collect any overpayment that results from the overlap of the DIC and SBP payments" or "authorizing VA to reduce DIC and remit the amount collected to DFAS."

In pursuing the matters on remand, the appellant is free to submit additional evidence and argument on the remanded matters, and the Board is required to consider any such relevant evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002) (stating that, on remand, the Board must consider additional evidence and argument in assessing entitlement to benefit sought); *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the [Board] will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and

issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). The Board must proceed expeditiously, in accordance with 38 U.S.C. § 7112 (requiring the Secretary to provide for "expeditious treatment" of claims remanded by the Court). If the appellant believes that the Secretary is not adjudicating the matter expeditiously, she should request that the Secretary adjudicate it; if the Secretary refuses, she can seek relief from this Court. *See Dicarlo v. Nicholson*, 20 Vet.App. 52, 56-57 (2006).

### III. CONCLUSION

Upon consideration of the foregoing analysis, the record on appeal, and the parties' pleadings, the December 28, 2012, Board decision is VACATED, and the matter of the validity of the offset of the appellant's annuity benefits under the SBP against her retroactive payment of DIC is REMANDED for further adjudication consistent with this opinion.