# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-1323

Geraldine B. Lorio, Appellant,

v.

Douglas A. Collins,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued April 3, 2024                         Decided March 6, 2025)

*April Donahower*, with whom *Amy F. Odom* was on the brief, both of Providence, Rhode Island, for the appellant.

*Ronen Morris*, with whom *Richard J. Hipolit*, Deputy General Counsel for Veterans Programs; *Mary Ann Flynn*, Chief Counsel; *Anna Whited*, Deputy Chief Counsel; and *Jonathan G. Scruggs*, Senior Appellate Counsel, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, MEREDITH, and JAQUITH, *Judges*.

BARTLEY, *Judge*: Appellant Geraldine B. Lorio, surviving spouse of Army veteran Milton Lorio, appeals through counsel a November 19, 2021, decision of the Board of Veterans' Appeals (Board) that found that VA properly withheld retroactive payment of dependency and indemnity compensation (DIC) based on her receipt of Survivor Benefit Plan (SBP) benefits. Record (R.) at 5-18. Her appeal of that issue to this Court is timely, and we have jurisdiction to review the Board decision. *See* 38 U.S.C. §§ 7252(a), 7266(a).

SBP is an annuity program for survivors of military retirees run by the Department of Defense (DOD) and codified under title 10 of the U.S. Code. For the period relevant to this appeal, surviving spouses, except for exceptions not relevant here, could not concurrently receive SBP and DIC payments. This matter was referred to a panel of this Court, with oral argument,[1] to address whether VA had legal authority to withhold Ms. Lorio's DIC payments to prevent concurrent receipt of SBP and DIC benefits. However, we cannot reach that issue since the Board erroneously

---

[1] *Lorio v. McDonough*, No. 22-1323, Oral Argument [hereinafter Oral Argument]. Available at https://www.youtube.com/watch?v=8rR9jhYNFHI (last accessed Feb. 11, 2025). Oral Argument was held at the Appalachian School of Law in Grundy, Virginia. The Court thanks the students, faculty, and staff at Appalachian School of Law for their hospitality during our visit.

relied on inapplicable legal authority to support its decision, denying her fair process. We therefore remand the case to the Board for readjudication consistent with this decision, including providing legal authority for the withholding and process undertaken in Ms. Lorio's case, addressing evidence obtained by the Secretary after issuance of the Board decision on appeal and arguments raised by the parties regarding that evidence, and whether there has been a proper accounting of withheld benefits.

## I. LEGAL LANDSCAPE

### A. SBP History, DIC Offset, and Notice Requirements

Established in 1972, SBP is a subsidized insurance plan that provides annuity payments to survivors of military retirees. *See* Pub. L. No. 92-425, 86 Stat. 706 (Sept. 21, 1972) (codifying 10 U.S.C. §§ 1447-1455). SBP is administered and partially funded by DOD, with the Defense Finance and Accounting Service (DFAS) as the DOD entity primarily responsible for managing the program. The purpose of SBP is to ensure that surviving dependents continue to have a reasonable level of income following the death of the military retiree. To accomplish its purpose, election into SBP is automatic if the servicemember is married or has a dependent child when becoming eligible to receive retirement pay—unless the servicemember, with spousal concurrence, specifically opts out of the program. 10 U.S.C. § 1448(a)(2). Retirees forego a portion of their retirement pay as premium payments—capped at 6.5%—and, in exchange, DOD pays a monthly annuity to the named beneficiary following the retiree's death, with the full SBP benefit being 55% of the retiree's retirement pay. *See* 10 U.S.C. §§ 1451(a)(1), 1452(a)(1).[2]

When Congress created SBP, it required a dollar-for-dollar offset if the SBP annuitant was a surviving spouse also entitled to DIC. Pub. L. No. 92-425 (codifying 10 U.S.C. § 1450(c), later redesignated as 10 U.S.C. § 1450(c)(1)). If the DIC benefit exceeded the SBP benefit, the spouse would receive DIC only. However, if SBP exceeded DIC, the spouse would receive DIC plus a pro-rated SBP benefit consisting of the difference between the two benefits. Congress provided that, when offset applied, surviving spouses would receive a refund of premiums paid by the retiree, *see generally* 10 U.S.C. § 1450(e) (effective Sept. 21, 1972, to Dec. 31, 2019), with

---

[2] *See also, e.g.*, Congressional Research Service, *Military Survivor Benefit Plan: Background and Issues for Congress* (Updated Sept. 20, 2024), https://crsreports.congress.gov/product/pdf/R/R45325 (last accessed Mar. 6, 2025).

surviving spouses receiving a full refund when DIC benefits exceeded the SBP annuity and a partial refund when the SBP annuity was reduced by DIC. *Id.*[3]

Effective April 1, 2008, Congress imposed notice requirements when there was to be recoupment of paid SBP benefits later determined to be subject to the DIC-SBP offset. National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 643, 122 Stat. 3, 157 (Jan. 28, 2008) (codifying 10 U.S.C. § 1450(c)(3)). The requirements provided that the relevant DOD Secretary "shall" provide a single notice of the net amount to be recouped or refunded, as applicable; "a written explanation of the statutory requirements for recoupment of the offset amount and for refund of any applicable deductions from retired pay"; a detailed accounting of how the offset recoupment amount and the refunded retired pay deduction were calculated; and "contact information for a person who can provide information about the offset recoupment and retired pay deduction refund processes and answer questions the surviving spouse . . . may have about requirements, processes, and amounts." 10 U.S.C. § 1450(c)(3).

### B. *Roberts v. McDonald*

This Court previously addressed SBP in *Roberts v. McDonald*, where the Court reviewed a Board determination that VA had properly withheld a portion of retroactive DIC benefits based on receipt of SBP payments. 27 Vet.App. 108 (2014). The Board relied on 38 C.F.R. § 3.658 as the withholding authority but the Secretary conceded that this was incorrect and proffered that VA's DIC withholding authority stemmed from 38 U.S.C. § 5314, 38 C.F.R. §§ 1.911(a), 1.912a(a), and a 2010 memorandum of understanding (MOU)[4] between VA and DOD. *Roberts*, 27 Vet.App. at 110. The Court remanded the appeal, concluding that reliance on inapplicable authority deprived Ms. Roberts of reasonable notice and fair process. *Id.* at 111-12 (citing *Sprinkle v. Shinseki*, 733 F.3d 1180, 1185-87 (Fed. Cir. 2013); *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993)). As relevant here, the Court also concluded that section 5314 and §§ 1.911(a) and 1.912a did not appear to apply because they involved overpayment of VA benefits, not DOD benefits. *Id.* at 112-13. And to the extent that the Secretary relied on a DOD regulation to support VA's authority

---

[3] Effective January 1, 2020, Congress implemented a 3-year phased roll back of SBP-DIC offsets, National Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-92, § 622, 133 Stat. 1198, 1427 (Dec. 20, 2019), so beginning calendar year 2023 there was no offset and those entitled to both benefits received both benefits in their entirety. The Court notes, based on DFAS's representation, *see* Secretary's Brief (Br.) at Appendix, that Ms. Lorio has again begun receiving SBP due to the phased roll back, but the roll back is not otherwise relevant to this appeal.

[4] *See* DOD Financial Management Regulation 7000.14.R, vol. 7B, app. G, art. I-V (Oct. 2010); *see also* R. at 145-55.

to withhold benefits, the Court indicated that "the regulation appears to contemplate written authorization from the SBP annuitant before there is a reduction in DIC to satisfy an SBP annuity overpayment." *Id*. at 113 (citing DOD Financial Management Regulation, vol. 7B, ch. 46, paras. 460402, 460701 (July 2011)). As will be discussed, *Roberts* has implications for the Court's resolution of Ms. Lorio's case.

## II. FACTUAL BACKGROUND

Mr. Lorio served honorably in the U.S. Army from April 1961 to November 1984, including service in the Republic of Vietnam. R. at 997; *see* R. at 1393. He and Ms. Lorio married in September 1966. R. at 1395. He medically retired from the Army due to chronic paranoia causing impairment in social and industrial adaptability, *see* R. at 1338-40, 1405, and in January 1985, a VA regional office (RO) granted service connection for chronic paranoia and assigned an initial 50% disability evaluation. R. at 1393 (December 1984 rating narrative); *see* R. at 431 (RO notation of a January 1985 notification letter). In January 1994, Mr. Lorio died. R. at 990. Shortly thereafter, Ms. Lorio began receiving SBP benefits. *See* R. at 7; Appellant's Br. at 2.

In February 1994, Ms. Lorio filed for DIC benefits. R. at 1199. Although that claim was initially denied, the RO in December 2015 granted entitlement to DIC effective January 1, 1994. R. at 431-35; *see* 38 U.S.C. § 1318(b)(2). Prior to notifying Ms. Lorio of this decision, the RO submitted a Phone Transaction Interface Veterans Affairs (PTIVA) form to DFAS asking whether Ms. Lorio had received SBP benefits and, if so, the total amount paid to her. R. at 427; *see* VA *Adjudication Procedures Manual* (M21-1), pt. XII, subpt. i, ch. 4, § C.1.e ("Due to the potential for large overpayments in DIC awards to surviving spouses also entitled to SBP, a review of SBP entitlement should be completed prior to generating an original DIC award to a surviving spouse for payment[s] . . . that require an offset."). In April 2016, DFAS informed VA that an "overpayment"[5] of $302,188.88 was remaining after a refund of $10,651.12 was applied. R. at 425; *see* R. at 405. Later in April 2016, the RO informed Ms. Lorio that her DIC claim was granted in

---

[5] Throughout this appeal, the term "overpayment" has been used to describe the total SBP payments made to Ms. Lorio during the period that she was subsequently determined to be entitled to DIC benefits. The Court will do the same for the sake of consistency, but we acknowledge the seeming inaccuracy of this term since Ms. Lorio has not been paid both benefits and VA is withholding DIC benefits to *prevent* overpayment. Moreover, to the extent that the term may connote error on the part of DOD as the payor, *see, e.g.*, BLACK'S LAW DICTIONARY (defining overpayment as "[a] payment that is more than the amount owed or due"), we acknowledge DFAS's position that SBP payments were proper when paid, *see* Secretary's Memorandum of Law (Memo.) at 9-10, 12 (discussed *infra* at 7).

4

full, but that it was withholding a portion of DIC benefits due to her prior receipt of SBP benefits. R. at 420-24 (also providing a monthly breakdown of amounts withheld).

In June 2016, Ms. Lorio through counsel appealed to the Board, challenging the RO's withholding of retroactive DIC benefits and arguing that VA did not properly provide notice of the SBP overpayment and DIC withholding. R. at 390-94;[6] *see* R. at 346-53. In January 2019, the Board remanded the withholding issue, agreeing that Ms. Lorio was not properly notified prior to VA's withholding of DIC benefits. R. at 272-74 (citing *Roberts*, 27 Vet.App. at 110). The Board again remanded the issue in October 2019, R. at 243-45, and January 2020, R. at 175-81, finding that Ms. Lorio had not been provided proper notice of and an opportunity to dispute the withholding and because the RO failed to comply with prior Board remand directives.

In the November 2021 decision on appeal, the Board found that VA properly withheld and assigned to DOD $302,188.88 of Ms. Lorio's retroactive DIC benefits to satisfy the SBP overpayment. R. at 5-18. The Board also found that VA had authority to assign Ms. Lorio's DIC benefits to DOD under the Appropriations Clause of the U.S. Constitution and 38 U.S.C. § 5301, which permitted VA to enter into the MOU with DOD. R. at 8-11. The Board also found that VA properly afforded Ms. Lorio statutory and regulatory due process as well as general fair process. R. at 11-16. Finally, the Board found that Ms. Lorio was not entitled to both DIC and SBP payments, that the amount of debt owed by Ms. Lorio was properly calculated, and that waiver through VA was not available as the debt was due to DOD. R. at 16-18. This appeal followed, but as relevant to the Court's analysis, in July 2023 Ms. Lorio notified the Court that she had received a check from the Department of the Treasury for $12,105.00 along with paperwork indicating that the check was an "SBP REFUND" and that all correspondence regarding the matter should be referred to VA. Appellant's July 18, 2023, *Solze* Notice at 1.

## III. THE PARTIES' ARGUMENTS

In her principal brief, Ms. Lorio argued that the Board clearly erred in determining that VA had authority to withhold retroactive DIC benefits and forward those benefits to DOD. Appellant's

---

[6] In June 2016, counsel for Ms. Lorio incorrectly listed the amount in dispute as $302,188.00 instead of $302,188.88. *Compare* R. at 391, *with* R. at 396. That typographic error persisted throughout Ms. Lorio's appeal, including in the November 2021 decision on appeal. *See* R. at 5. Although, as discussed below, *infra* at 11-12, outstanding factual findings are needed regarding the proper accounting of benefits, the Court will use $302,188.88 in this decision.

5

Br. at 8-14. Although she acknowledged that she's not entitled to receive both DIC and SBP benefits for the same period, *id*. at 9, 11, she argued that, because a statute pertaining to DOD, 10 U.S.C. § 1450(c)(1), prohibits receipt of SBP (rather than DIC), the Secretary of the Army, not the VA Secretary, is responsible for recouping erroneously paid SBP benefits, *id*. at 11 (citing 10 U.S.C. §§ 1450(c), 1453(a)). Ms. Lorio further asserted that the legal authority identified by the Board—section 5301 of title 38, the Appropriations Clause, and the VA-DOD MOU—did not provide VA with authority to withhold DIC benefits. *Id*. at 9-14. Ms. Lorio argued that the proper remedy was remand for the Board to provide section 1450(c)(3)-compliant notice to ensure proper accounting of the SBP overpayment, *id*. at 14-22, noting that the current accounting didn't address whether SBP premium refunds were reimbursed or the varying tax consequences of SBP and DIC payments, *id*. at 18-20.

The Secretary argued that Ms. Lorio expressly authorized VA to repay DFAS for any SBP annuity overpayment from her DIC benefits when she applied for SBP, citing the terms of her SBP application, a document that was not before the Board and is not before this Court, but that he appended to his brief. Secretary's Br. at 14-17; *see id*. at Appendix (Ms. Lorio's April 1994 SBP Application). He asserted that the Court may consider her application in the first instance and rightfully conclude that Ms. Lorio authorized withholding. *Id.* at 15 n.28. He argued that Board reliance on section 5301, the Appropriations Clause, and the VA-DOD MOU is "irrelevant" and amounts to harmless error in light of Ms. Lorio's express authorization. *Id.* at 16 n.30 (citing *Tadlock v. McDonough*, 5 F.4th 1327, 1334 (Fed. Cir. 2021)). The Secretary further argued that even if Ms. Lorio had been denied certain procedural rights, her recourse is with DOD, not with VA. *Id*. at 18-20, 23-25. Appended to his brief, the Secretary included a declaration from Kara Lauver, Branch Chief for the Accounts Finalization Team within Retired Military and Annuitant Pay Operations at DFAS, who provided a detailed accounting of Ms. Lorio's annuity payments. *Id*. at Appendix [hereinafter Lauver Declaration].

In her reply brief, Ms. Lorio asserted that the Court may not rely, even under a harmless error analysis, on her SBP application and the Lauver Declaration as those documents were not before the Board. Reply Br. at 1-6. She asserted that it remains in dispute whether her purported agreement to withholding on her SBP application was a voluntary, knowing, and valid waiver, and whether the accounting was proper. *Id*. at 4-5, 8 n.1. She further argued that, because VA is withholding DIC, it has an "independent obligation to ensure that it did not withhold any DIC

6

benefits above what she was paid in SBP." *Id*. at 7 (citing *Cushman v. Shinseki*, 576 F.3d 1290, 1297-98 (Fed. Cir. 2009)).

In March 2024, the Secretary filed a memorandum of law presenting the views of DFAS.[7] The Secretary argued that it is DOD policy to "pay SBP annuities immediately, on the condition that SBP claimants sign waiver forms acknowledging and agreeing to the withholding of any SBP payments from any DIC that is later awarded for any period in which the benefits overlap." Memo. at 4 (citing Comp. Gen. B-192223 (Dec. 19, 1978)[8]). He further argued that DOD's established procedure was followed in Ms. Lorio's case, as demonstrated by her April 1994 SBP application authorizing future DIC withholding, which he characterized as a knowing and voluntary waiver. *Id*. at 5-7. And the Secretary argued that title 10, sections 1450(c) and 1453, relate only to recoupment of *erroneously paid* SBP benefits and, thus, recoupment by DOD and waiver of recoupment are inapplicable. *Id*. at 9-12. The Secretary generally maintained these arguments during oral argument.

In response to the memorandum, Ms. Lorio argued that her purported waiver was involuntary and legally invalid as it contravened title 38, section 5301. Appellant's Response to Memo. at 2-6; *see id*. at 6 (arguing that VA's and DOD's agreement to withhold DIC is "an extralegal recoupment scheme"). She further asserted that VA as the entity withholding her benefits must provide her fair process, including notice and an opportunity to respond, and that the varied tax consequences should be factored into the proper accounting of the benefits to be withheld. *Id*. at 6-10. Ms. Lorio generally maintained these arguments during oral argument.

## IV. ANALYSIS

A. Ms. Lorio's SBP Application and VA's Authority to Withhold DIC

The Board relied on section 5301 of title 38, the Appropriations Clause, and the VA-DOD MOU to find VA's actions in this case, withholding Ms. Lorio's DIC benefits and remitting them to DOD to offset SBP payments she had already received, were appropriate. However, during argument both Ms. Lorio and the Secretary seemed to agree that the Board erred in relying on

---

[7] Initially DFAS filed a motion for leave to file an amicus curiae brief, then moved to withdraw the motion, stating that counsel for DFAS discussed the legal arguments with Secretary's counsel and adopted the Secretary's memorandum as a full and complete presentation of its views. DFAS March 28, 2024, Response at 2. The Court then granted the motion to withdraw the motion for leave.

[8] Available at https://www.gao.gov/products/b-192223-0 (last accessed Mar. 6, 2025).

inapplicable statutory authority to justify these actions. *See* Oral Argument at 34:00-34:30.[9] We accept the parties' agreement that the Board improperly relied on inapplicable legal authority.

In addition, both parties agree that Ms. Lorio applied for SBP benefits in April 1994, indicating on her form that she had also applied for VA benefits. And the parties do not dispute that Ms. Lorio signed the application form, DFAS-IN Form 20-258-R, that provided that she understood (1) that under SBP her annuity would be established in full if her entitlement to DIC was not known by DFAS; (2) that she could not receive both SBP and DIC in full amounts from the same retiree; and (3) that she was only entitled to the amount of SBP that exceeded her DIC payment. The form also indicated that, if she was determined entitled to DIC, she agreed to notify DFAS of the details of her entitlement and that if an overpayment of SBP occurred, her signature on the form authorized VA to repay DFAS the amount of the overpayment from her DIC benefits. Secretary's Br. at Appendix (DFAS-IN Form 20-258-R).

Nevertheless, the parties dispute the import of the above provisions from Ms. Lorio's application. Ms. Lorio argues that any purported waiver in the SBP application of the receipt of DIC benefits was involuntary[10] and legally invalid as contrary to legislative intent underpinning section 5301. In contrast, the Secretary argues that the application is a legally binding contract providing express authorization for VA to withhold DIC benefits.

Although Ms. Lorio's SBP application was not before the Board, and seemingly was only obtained by the Secretary in preparing his brief, the Board should have been aware of the existence of Ms. Lorio's SBP application and the need to obtain that application. Notably, the M21-1 explains VA's understanding that by applying for benefits, SBP recipients authorize VA to withhold DIC benefits to avoid overlapping awards. M21-1, pt. XII, subpt. i, ch. 4, § C.3.a ("By signing the application for SBP, the surviving spouse authorizes VA to offset DIC based on SBP payments."). *Accord Overton v. Wilkie*, 30 Vet.App. 257, 264 (2018) (explaining that the Board must discuss relevant provisions of the M21-1 as part of its duty to provide adequate reasons or bases). The M21-1 is consistent with a DOD regulation that provides: "Payment of the SBP annuity is not

---

[9] Although the Secretary conceded that the Board's reliance on section 5301 was incorrect, he maintained that the Appropriations Clause supports his argument that express authorization for withholding was required prior to Ms. Lorio's receipt of SBP payments.

[10] *See* Appellant's Response to Memo. at 2 (referring to the Hobson's choice of signing the SBP application); *see also Covington v. Dep't of Health and Hum. Services*, 750 F.2d 937, 943 (Fed. Cir. 1984) (describing Hobson's choice as "no real choice at all").

withheld or delayed pending verification of the DIC award if the annuitant signs a statement authorizing the VA to collect any overpayment that results from the overlap of the DIC and SBP payments." DOD 7000.14-R, vol. 7B, ch. 46, para. 460402 (2015). The RO included an earlier iteration of the applicable DOD regulation in a June 2020 Supplemental Statement of the Case, R. at 131-32, and Ms. Lorio through counsel specifically stated in July 2020 that she "could find no such consent [to VA withholding] in the record," R. at 36.

The Board, rather than attempt to obtain Ms. Lorio's SBP application, found that the DOD regulation did not apply because there was no pending DIC claim when Ms. Lorio filed for SBP benefits, so there was no possibility of withholding or delaying SBP payments. R. at 15-16 ("Here, [Ms. Lorio's] SBP payments were not withheld or delayed *pending verification of a DIC award*. She was paid promptly by the DOD beginning in 1994."). But there is no dispute that Ms. Lorio filed a DIC claim in February 1994. R. at 1199.

To the extent that the parties urge the Court to nonetheless consider Ms. Lorio's SBP application and decide the implicated legal issues, the Court cannot do so. We are a court of appellate review, charged with conducting review "on the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b). Although we decide questions of law without deference to the Board's legal conclusions, *Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003), when the Board does not and cannot make a legal conclusion about evidence because that evidence was not before it, there is nothing for us to review, *see Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) ("Appellate courts can 'review' only that which has happened in the past."); *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 62 (2020) (order) ("As an appellate court, we are a court of review, not of first view." (internal quotation omitted)), *aff'd per curiam sub nom. Gardner-Dickson v. McDonough*, No. 2021-1462, 2021 WL 5144367 (Fed. Cir. Nov. 5, 2021) (nonprecedential R. 36 judgment).

Moreover, although the Board expressly stated that it did not need to consider whether Ms. Lorio consented to the future withholding of DIC benefits, R. at 14-15, the Secretary now argues that Ms. Lorio's SBP application, which, as noted, is not of record but merely appended to the Secretary's brief, contained that consent and that such consent disposes of this appeal. Such a situation cannot serve to support a harmless error affirmance by this Court. *See Tadlock*, 5 F.4th at 1337 ("Affirmance in the face of [Board] error may be made by the Veterans Court only if the record already contains findings made previously by the VA or the Board that support affirmance

9

or the entire record makes evident that the Board could not have reached any other decision."). Thus, the Court concludes that remand of the appeal is warranted. *See Roberts*, 27 Vet.App. at 111-12. Upon readjudication, the Board must consider Ms. Lorio's SBP application and specifically address the parties' competing arguments regarding the import of that application.

### B. Fair Process and Notice

When adjudicating appeals, the Board must ensure that appellants have been provided fair process. *Smith v. Wilkie*, 32 Vet.App. 332, 337 (2020). At its core, fair process requires the Board to provide a claimant with notice and the opportunity to respond to legal authority and evidence that may be relied on to deny a claim. *Sprinkle*, 733 F.3d at 1185-87; *Thurber*, 5 Vet.App. at 123-24, 126; *see Roberts*, 27 Vet.App. at 111-12 (citing *Sprinkle*, 733 F.3d at 1185-86; *Thurber*, 5 Vet.App. at 119).

The Board acknowledged that Ms. Lorio was entitled to fair process, R. at 11-12 (citing *Smith*, 32 Vet.App. at 337; *Thurber*, 5 Vet.App. at 123), and concluded that it provided her with that fair process, R. at 12-13; *see* R. at 14-16. Specifically, the Board found that Ms. Lorio "had ample notice . . . for the reason why her payments were withheld," R. at 14, and "ample opportunity" to submit evidence and argument in support of her claim, R. at 13.[11]

The Secretary takes a different tack and asserts that fair process principles don't apply here because VA is simply honoring the agreement made per the language on Ms. Lorio's SBP application. Relatedly, he asserts that Ms. Lorio's recourse is with DOD and that any additional process and notice would have to come from DOD. *See* Oral Argument at 48:18-48:40 (asserting that the Court could "cross out most of the Board's decision" to affirm because most issues raised should be directed to DFAS).

That the Board and the Secretary take different approaches to fair process is problematic, particularly as the Secretary urges the Court to uphold the Board decision based on a document the Board never saw and did not think was relevant. Moreover, the Secretary overlooks that VA is the entity withholding benefits from Ms. Lorio and that the Board supported its decision by justifying that withholding on authority that both parties agree was incorrect. Simply put, the Court will not accept that fair process has been afforded to Ms. Lorio where the Secretary urges the Court

---

[11] The Court recognizes that the Board provided an extensive discussion of fair process and statutory and regulatory due process. R. at 11-16. As explained below, however, the Court will not endorse the Board's reasoning when the Secretary concedes that the Board relied on inapplicable legal authority and relies on evidence not before the Board to defend VA's withholding of DIC benefits.

to "cross out" most of the Board decision and decide an appeal in his favor based on evidence that was not before the Board and an acknowledgment that the Board did not understand the SBP-DIC offset issue when it rendered its decision to Ms. Lorio. *See Roberts*, 27 Vet.App. at 111-12.

And as regards fair process, Ms. Lorio's appeal is strikingly like *Roberts*, where the Secretary conceded that the Board relied on inapplicable authority to conclude that VA properly withheld DIC benefits to avoid overlapping DIC and SBP payments. 27 Vet.App. at 110. Like in *Roberts*, the Secretary here urges the Court not to rely on the legal authority identified by the Board but to affirm based on evidence he obtained after issuance of the Board decision. *Accord id.* at 110-11. But in *Roberts*, this Court concluded that, because Ms. Roberts was not informed of the proper legal basis or authority for the reduction of her DIC benefits, she was denied the opportunity to challenge the reduction on the correct legal basis or authority. *Id.* at 112. Although Ms. Lorio does not deny that she signed the April 1994 SBP application, that does not obviate VA's responsibility to provide her fair process, which includes notice and an opportunity to respond concerning the legal basis that VA relies on to support any future decision on her claim.

Thus, as in *Roberts*, we conclude that the Board's errors warrant remand, particularly where the Secretary asks the Court to essentially ignore the Board decision in its entirety. *See Calcutt v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629 (2023) ("For if the grounds propounded by the agency for its decision 'are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.'" (quoting *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947))). To reiterate, remand is needed for the Board to address the newly obtained evidence, including the April 1994 SBP application and Lauver Declaration, to address the factual and legal issues newly raised by the parties, and to afford Ms. Lorio fair process, including notice and an opportunity to respond, as to subsequent readjudication.

### C. Accounting

The parties agree that the accounting conducted before the Board issued its decision was incorrect. *See* Secretary's Br. at 25 n.39 & Lauver Declaration at 5 (acknowledging error in the accounting). But they dispute whether Ms. Lauver's subsequent review and declaration provide a proper accounting, *see* Reply Br. at 8 n.1, and Ms. Lorio additionally asserts that a proper accounting must address the differing tax consequences between taxable SBP and nontaxable DIC, *id.* at 8-10 & n.1. The Secretary argues that Ms. Lorio completed the SBP application with the

11

understanding that SBP may be later recouped and that prompt SBP payments came with the drawback of differing tax consequences. And, he argues, more broadly, that a proper accounting of the overpayment falls under the purview of DOD and does not involve a decision by VA. *See* Secretary's Br. at 25 & n.39; Oral Argument at 38:00-40:48.

We conclude that the Board must ensure a proper accounting upon readjudication. In this regard, we agree with Ms. Lorio that, because VA is withholding her DIC benefits, it has an obligation to ensure that the amount being withheld is correct. *See* Reply Br. at 6-8 (citing 38 U.S.C. §§ 511(a), 1310, 7104(a); *Cushman v. Shinseki*, 576 F.3d 1290, 1297-98 (Fed. Cir. 2009)); Appellant's Response to Memo. at 6-7, 10. Although VA's accounting may be necessarily dependent on data obtained from DFAS, fair process requires VA to ensure that the amount is properly calculated and notice of that amount is relayed to Ms. Lorio.[12]

The proper accounting of Ms. Lorio's overpayment is a highly factual inquiry that the Court cannot make in the first instance. And due to the evidence developed after the Board decision and the parties' continued disagreement about tax implications, the need for a correct accounting is even more important now. In this regard, the Court points out two seeming inconsistencies that the Board may need to address on remand. First, the April 2016 PTIVA form states: "O/P iao $302,188.88 still remaining *after* refund iao $10651.12 applied," R. at 425 (emphasis added),[13] suggesting that DFAS informed VA that the overpayment of $302,188.88 may have already considered the refund of the SBP premium payments. But evidence developed during these proceedings, which was not part of the record before the Board, appears to reflect that Ms. Lauver calculated the overpayment as $290,083.88 after refunding the SBP premium payments. Lauver Declaration at 5. Second, the record establishes that VA notified Ms. Lorio of its withholding in April 2016 after receiving notice from DFAS of the amount to be withheld. R. at 420-24. But the evidence subsequently obtained by VA does not appear to confirm that DFAS contacted VA in April 2016. Instead, Ms. Lauver appears to indicate that an audit was conducted in June 2016 and that DFAS notified VA of the overpayment in July 2016. Lauver Declaration at 4-5.

---

[12] It is worth noting that the Board seemed to acknowledge VA's role in performing its own accounting, stating that Ms. Lorio's "case addresses retroactive payments that must be offset following a set of calculations." R. at 13; *see* R. at 17 (finding "no error in the RO's calculations" and concluding that "the amount of the debt was correctly calculated").

[13] "O/P" means "overpayment," and "iao" means "in the amount of."

On remand, the Board must address any discrepancies in determining whether a proper accounting has been performed or is still outstanding. In making that determination, the Board must address the parties' arguments regarding different tax consequences and whether tax consequences must be factored into any accounting.

### D. Relief

In sum, the Court concludes that the Board failed to provide Ms. Lorio adequate notice and fair process prior to rendering its November 2021 decision, and that the matter must be remanded. Upon readjudication, the Board must provide legal authority for the withholding and process undertaken in Ms. Lorio's case, consider in the first instance evidence secured by the Secretary during this appeal, consisting of Ms. Lorio's April 1994 SBP application and Ms. Lauver's declaration, and the parties' competing arguments regarding the import of that evidence. The Board must also independently review Ms. Lauver's accounting with specific attention to any discrepancies identified and address the parties' competing arguments regarding whether the accounting should address the differing tax consequences of SBP and DIC payments.[14]

### V. CONCLUSION

After considering the parties' briefs, oral argument, the record on appeal, and the governing law, the Court SETS ASIDE the November 19, 2021, Board decision and REMANDS the matter for readjudication consistent with this decision.

---

[14] Tangentially, the Court notes that, although Ms. Lorio has consistently argued that VA has no legal authority to withhold the $302,188.88 in DIC payments to satisfy the SBP overpayment, she does not want VA to release to her those withheld payments. To the extent that those arguments may be seen as inconsistent, the Court encourages Ms. Lorio to clarify them on remand to the Board.